## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

JOHN PERALTA,

      Plaintiff,

v.                                    No. CV 19-670 CG

ANDREW SAUL,
Commissioner of the
Social Security Administration,

      Defendant.

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Plaintiff John Peralta's *Motion to Reverse and Remand for a Rehearing with Supporting Memorandum* (the "Motion"), (Doc. 21), filed January 15, 2020; Defendant Commissioner Andrew Saul's *Brief in Response to Plaintiff's Motion to Reverse and Remand the Agency's Administrative Decision* (the "Response"), (Doc. 26), filed April 6, 2020; and Mr. Peralta's *Reply in Support of Motion to Reverse and Remand for a Rehearing with Supporting Memorandum* (the "Reply"), (Doc. 29), filed April 24, 2020.

Mr. Peralta filed applications for disability insurance benefits and supplemental security income on May 13, 2014, alleging disability beginning March 1, 2013. (Administrative Record "AR" 320, 327). In his applications, Mr. Peralta claimed he was limited in his ability to work due to osteoarthritis, alcoholism, anger management, anxiety, depression, and a prostate nodule. (AR 375). Mr. Peralta's applications were denied initially on January 8, 2015, and upon reconsideration on May 26, 2015. (AR 105,163). Shortly thereafter, Mr. Peralta requested a hearing before an Administrative Law Judge ("ALJ"), which was held on December 14, 2016, before ALJ Ann Farris. (AR

37).

At the hearing, Mr. Peralta appeared before ALJ Farris with his attorney Michael Armstrong and non-partial Vocational Expert ("VE") Barbara Lewis. *Id.* ALJ Farris issued a partially favorable decision on March 15, 2017, finding Mr. Peralta disabled beginning September 11, 2015. (AR 18). However, ALJ Farris concluded that prior to September 11, 2015, Mr. Peralta was not disabled. *Id.* Mr. Peralta submitted a request for review by the Appeals Council. (AR 187). The Appeals Council granted Mr. Peralta's request, and remanded the case for ALJ Farris to issue a new decision. (AR 189-90).

On remand, Mr. Peralta appeared before ALJ Farris with his attorney, Laura Johnson, and VE Nicole King. (AR 72). On February 26, 2019, ALJ Farris again determined Mr. Peralta became disabled on September 11, 2015. (AR 28). ALJ Farris reaffirmed her partially favorable decision, finding Mr. Peralta not disabled between March 1, 2013, and September 11, 2015. *Id.* After ALJ Farris issued her decision, Mr. Peralta filed for review by the Appeals Council. (AR 1). The Appeals Council denied Mr. Peralta's request for review, making ALJ Farris' second opinion the operative decision for review by this Court.

Mr. Peralta, represented by his attorney Laura Johnson, now argues in his Motion ALJ Farris erred by (1) failing to account for all of the limitations assessed by consultative examiner Valerie Valle, Psy.D.; (2) rejecting the opinion of consultative examining psychologist Eligio Padilla, Ph.D.; and (3) rejecting the opinion of treating counselor Kris Dole, LPCC. (Doc. 21 at 2). The Court has reviewed the Motion, the Response, the Reply, and the relevant law. Additionally, the Court has meticulously reviewed the administrative record. Because ALJ Farris erred in not accounting for all

the moderate limitations prescribed by Dr. Valle in her RFC assessment, the Court finds Mr. Peralta's Motion should be **GRANTED**, and this case is **REMANDED** to the Commissioner for further proceedings consistent with this opinion.

## I.      Standard of Review

The standard of review in a Social Security appeal is whether the Commissioner's final decision is supported by substantial evidence and whether the correct legal standards were applied. *Maes v. Astrue*, 522 F.3d 1093, 1096 (10th Cir. 2008) (citing *Hamilton v. Sec'y of Health & Human Servs.*, 961 F.2d 1495, 1497-98 (10th Cir. 1992)). If substantial evidence supports the Commissioner's findings and the correct legal standards were applied, the Commissioner's decision stands and the plaintiff is not entitled to relief. *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004); *Hamlin v. Barnhart*, 365 F.3d 1208, 1214 (10th Cir. 2004); *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003). The Commissioner's "failure to apply the correct legal standards, or to show . . . that she has done so, are also grounds for reversal." *Winfrey v. Chater*, 92 F.3d 1017, 1019 (10th Cir. 1996) (citing *Washington v. Shalala*, 37 F.3d 1437, 1439 (10th Cir. 1994)). A court should meticulously review the entire record but should neither re-weigh the evidence nor substitute its judgment for the Commissioner's. *Langley*, 373 F.3d at 1118; *Hamlin*, 365 F.3d at 1214. A court's review is limited to the Commissioner's final decision, 42 U.S.C. § 405(g), which is generally the ALJ's decision, rather than the Appeals Council's denial of review. *O'Dell v. Shalala*, 44 F.3d 855, 858 (10th Cir. 1994).

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Langley*, 373 F.3d at 1118; *Hamlin*, 365

F.3d at 1214; *Doyal*, 331 F.3d at 760. An ALJ's decision "is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Langley*, 373 F.3d at 1118; *Hamlin*, 365 F.3d at 1214. While the Court may not re-weigh the evidence or try the issues *de novo*, its examination of the record must include "anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Grogan v. Barnhart*, 399 F.3d 1257, 1262 (10th Cir. 2005). "The possibility of drawing two inconsistent conclusions from the evidence does not prevent [the ALJ]'s findings from being supported by substantial evidence." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citing *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004)).

## II.    Applicable Law and Sequential Evaluation Process

For purposes of supplemental security income and disability insurance benefits, a claimant establishes a disability when he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A), 42 U.S.C. § 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). In order to determine whether a claimant is disabled, the Commissioner follows a five-step sequential evaluation process ("SEP"). *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520, 416.920.

At the first four steps of the SEP, the claimant bears the burden of showing (1) he is not engaged in "substantial gainful activity"; (2) he has a "severe medically determinable . . . impairment . . . or a combination of impairments" that has lasted or is

expected to last for at least one year; and either (3) his impairment(s) meet or equal one of the "listings" of presumptively disabling impairments found in 20 C.F.R. pt. 404, subpt. P, app. 1.; or (4) he is unable to perform his "past relevant work." 20 C.F.R. §§ 404.1520(a)(4)(i–iv); *see also Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005). If the ALJ determines the claimant cannot engage in past relevant work, the ALJ will proceed to step five of the evaluation. At step five, the Commissioner bears the burden of showing that the claimant is able to perform other work in the national economy, considering the claimant's RFC, age, education, and work experience. *Grogan*, 399 F.3d at 1261.

### III.   Background

In his applications, Mr. Peralta claimed he was limited in his ability to work due to osteoarthritis, alcoholism, anger management, anxiety, depression, and a prostate nodule. (AR 375). At step one, ALJ Farris determined Mr. Peralta had not engaged in substantial gainful activity since March 1, 2013, the alleged disability onset date. (AR 16). At step two, ALJ Farris found Mr. Peralta has the severe impairments of adjustment disorder, depression, alcohol abuse, osteoarthritis of the knees, and degenerative disc disease of the lumbar spine. *Id.*

At step three, ALJ Farris determined that Mr. Peralta's impairments, solely or in combination, did not meet or equal one of the listed impairments in 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, or 416.926. (AR 16). ALJ Farris then found Mr. Peralta had the RFC to perform "less than a full range of sedentary work[.]" (AR 18). In addition, ALJ Farris found that Mr. Peralta was further limited by: requiring a brief period, approximately hourly, to alternate between a sitting and

standing position; requiring a cane to walk; never kneeling, crouching, or crawling; making simple decisions, with few workplace changes; and having occasional, superficial, interactions with coworkers and supervisors. *Id.*

In formulating Mr. Peralta's RFC, ALJ Farris stated that she considered Mr. Peralta's symptoms and the extent to which those symptoms could reasonably be accepted as consistent with objective medical and other evidence, as required by 20 C.F.R. §§ 404.1529, 416.929, and Social Security Ruling ("SSR") 16-3p. (AR 18). In addition, ALJ Farris stated that she considered opinion evidence consistent with the requirements of 20 C.F.R. §§ 404.1527 and 416.927. *Id.* ALJ Farris concluded that while some of Mr. Peralta's impairments could be expected to cause his alleged symptoms, the intensity, persistence, and limiting effects Mr. Peralta described were not entirely consistent with the evidence in the record. (AR 19).

Turning to the medical evidence in the record, ALJ Farris found the opinions of Ryan LeBaron, M.D., and consultative examiner Dr. Valle, "persuasive." (AR 24). Similarly, ALJ Farris found the opinion of Daniel Junick, M.D., "generally persuasive." *Id.* However, ALJ Farris found the opinion of Counselor Dole "only somewhat persuasive" and the opinion of Dr. Padilla "not persuasive." (AR 24-25). In support, ALJ Farris explained Dr. Padilla's opinion was inconsistent with the evidence in the record and relied too heavily on Mr. Peralta's self-reported complaints. (AR 23). ALJ Farris also explained that Counselor Dole's opinion was "largely unsupported," because it failed to provide any treatment notes or evidence to objectively support her conclusions. (AR 24).

At step four, ALJ Farris found that Mr. Peralta is unable to perform his past

relevant work as a caregiver, delivery driver, utility worker, woodworking shop laborer, screener assistant, or a telephone representative. (AR 25-26). ALJ Farris then moved to step five, explaining that after his birthday on September 11, 2015, Mr. Peralta became classified as "an individual closely approaching advanced age." (AR 26). In this age category, ALJ Farris opined the Regulations directed that Mr. Peralta was unable to perform any work in the national economy and was therefore disabled. *Id.*

However, prior to September 11, 2015, Mr. Peralta was classified as "a younger individual." (AR 26). ALJ Farris then explained that if Mr. Peralta had the RFC to perform the full range of sedentary work prior to September 11, 2015, a finding of not disabled would be directed for that time period. *Id.* However, ALJ Farris found that Mr. Peralta's limitations impeded his ability to perform the full range of sedentary work. (AR 27). Therefore, ALJ Farris relied on the testimony of the VE to identify jobs Mr. Peralta could perform in the national economy. *Id.*

ALJ Farris noted that the VE testified at the hearing that an individual with Mr. Peralta's same age, education, work experience, and RFC could perform the jobs of envelope stuffer, final assembler, and table worker. (AR 27). After finding the VE's testimony consistent with the Dictionary of Occupational Titles, ALJ Farris adopted the testimony of the VE and concluded that, because Mr. Peralta could perform work existing in significant numbers in the national economy between his alleged disability onset date and September 11, 2015, he was not disabled pursuant to 20 C.F.R. §§ 404.1520(g) and 416.920(g). (AR 27-28). ALJ Farris reaffirmed her finding of disability after September 11, 2015, rendering a "partially favorable" decision. (AR 28).

**IV.    Analysis**

Mr. Peralta presents three arguments in his Motion before the Court. (Doc. 21). First, Mr. Peralta posits ALJ Farris failed to incorporate all the limitations assessed by Dr. Valle, despite finding her opinion "persuasive." *Id.* at 17-19. Second, Mr. Peralta contends ALJ Farris failed to provide "adequate reasons" for rejecting the medical opinion proffered by Dr. Padilla. *Id.* at 9-13. Finally, Mr. Peralta argues ALJ Farris similarly failed to explain her rejection of Counselor Dole's medical opinion and the limitations she prescribed. *Id.* at 13-17.

In response, the Commissioner avers ALJ Farris' decision "can be harmonized" with Dr. Valle's assigned limitations. (Doc. 26 at 13). Next, the Commissioner argues ALJ Farris provided "good reasons, supported by the record," for rejecting the medical opinion of Dr. Padilla. *Id.* at 6-9. Lastly, the Commissioner contends Counselor Dole was "a counselor... [and] [s]he was thus not an acceptable medical source and could never be a treating source." *Id.* at 10. As such, the Commissioner contends ALJ Farris' opinion is supported by substantial evidence and her partially favorable decision should therefore be affirmed. *Id.* 13-15.

*A.  Dr. Valle's Opinion*

Mr. Peralta first argues ALJ Farris erred in finding Dr. Valle's opinion "persuasive" while omitting some of her prescribed limitations in the final RFC assessment. (Doc. 21 at 17). In response, the Commissioner contends Dr. Valle's opinion was incorporated in the RFC assessment by ALJ Farris limiting Mr. Peralta to "simple decisions with few workplace changes." (Doc. 26 at 14-15). In his Reply, Mr. Peralta contests the persuasiveness of the cases cited by the Commissioner in support of his argument.

(Doc. 29 at 9).

Although it is not required that an ALJ discuss every piece of evidence, he is required to discuss, at a minimum, the weight assigned to each medical source opinion. *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1161 (10th Cir. 2012) (citing 20 C.F.R. §§ 404.1527(e)(2)(ii), 416.927(e)(2)(ii)). Of course, it is not necessary for an ALJ to delineate the direct correspondence between an RFC finding and a specific medical opinion. *Chapo v. Astrue*, 682 F.3d 1285, 1288 (10th Cir. 2012). However, an ALJ cannot "pick and choose" through a medical opinion, taking only the parts that are favorable to a finding of nondisability. *See id.* at 1292 (quoting *Haga v. Astrue*, 482 F.3d 1205, 1208 (10th Cir. 2007)).

To aid in the ALJ's analysis, the Regulations set forth several factors that should be considered when assessing the value of each medical opinion. 20 C.F.R. §§ 404.1527(c), 416.927(c); *Watkins v. Barnhart*, 350 F.3d 1297, 1300-01 (10th Cir. 2003) (the "20 C.F.R. §§ 404.1527, 416.927 factors"). While not every factor will be applicable in every case, the ALJ must at least explain his decision in a manner that is "sufficiently specific to [be] clear to any subsequent reviewers." *Langley*, 373 F.3d at 1119 (citation omitted); *see also Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007).

On January 3, 2017, Dr. Valle completed a "Mental Status Consultative Examination" at the request of Mr. Peralta's counsel. (AR 938). In her report, Dr. Valle found Mr. Peralta moderately limited in his abilities to: understand and remember detailed or complex instructions; carry out detailed instructions; complete a normal workday and workweek without interruption from psychological based symptoms and perform at a consistent pace without an unreasonable number and length of rest

9

periods; accept instructions and respond appropriately to criticism from supervisors; get along with coworkers and peers without distracting them or exhibiting behavioral extremes; and respond appropriately to changes in the work place. (AR 940-42). In addition, Dr. Valle prescribed Mr. Peralta with mild limitations in his abilities to maintain attention and concentration for two-hour segments or more; perform activities within a schedule, maintain regular attendance, and be punctual; and work in coordination with/or proximity to others without being distracted. *Id.*

In her opinion, ALJ Farris explained that she found Dr. Valle's opinion "persuasive," because it was "supported by her observations of [Mr. Peralta]." (AR 24). In addition, ALJ Farris reasoned that Dr. Valle's opinion was consistent with the observations of Counselor Dole and Dr. Padilla. (AR 25). In assessing Mr. Peralta's RFC, ALJ Farris prescribed limitations in making "simple decisions, with few workplace changes," and she assessed that he could have only "occasional, superficial interactions with coworkers and supervisors." (AR 18).

ALJ Farris' restriction to "simple decisions with few workplace changes" incorporates Dr. Valle's prescribed limitations in responding to changes in the workplace, and understanding, carrying out, and remembering detailed instructions. Specifically, limiting Mr. Peralta to "simple decisions" inherently includes restricting his ability to carry out, understand, and remember detailed instructions. *See Chapo*, 682 F.3d at 1288 (finding an ALJ does not have to repeat a physician's restrictions verbatim, so long as they are incorporated by the ALJ's RFC assessment). Moreover, ALJ Farris limited Mr. Peralta to "occasional, superficial interactions with coworkers and supervisors," incorporating Dr. Valle's prescribed limitations in accepting instructions

from supervisors and getting along with coworkers. *See Parrish v. Berryhill*, CV No. 16-453 LAM, Doc. 26 at 14 (explaining the physician's prescribed limitation in "interacting with others in a work setting" was included in the ALJ's RFC by limiting the plaintiff to "only superficial interactions with co-workers and supervisors").

However, the RFC assessment does not account for Dr. Valle's prescribed moderate limitation in Mr. Peralta's ability to complete a normal workday and workweek without interruption from psychological based symptoms, or his limitation in performing at a consistent pace without an unreasonable number and length of rest periods. Rather, the Commissioner contends ALJ Farris accounted for this limitation by restricting Mr. Peralta to "simple decisions with few workplace changes." (Doc. 26 at 14). In tendering this argument, the Commissioner relies on cases which found a restriction to "simple work" encompassed prescribed limitations in the claimant's pace and the number of necessary rest periods. *See id.* (citing *Padilla v. Berryhill*, 2018 WL 3830930, at 14-15 (D.N.M. Aug. 13, 2018) (unpublished)).

In cases where the court has determined a limitation to "simple work" encapsulates other limitations omitted from the claimant's RFC assessment, the omitted limitations are directly correlated. *See Smith v. Colvin*, 821 F.3d 1264, 1269 (10th Cir. 2016) (concluding that the claimant's limitation in managing social interactions and engaging in complex work was adequately accounted for by the ALJ's assessment that the claimant could not engage in face-to-face contact and could only complete simple, repetitive, and routine tasks). For example, in *Lee v. Colvin*, the ALJ did not discuss the claimant's prescribed limitations in performing complex tasks or meaningfully interacting with supervisors or peers. 631 Fed.Appx. 538, 540-41 (10th Cir. 2015) (unpublished).

However, the *Lee* court concluded that the ALJ's RFC assessment limiting the claimant to unskilled work incorporated these omitted limitations, because unskilled work inherently implies the claimant will not be performing complex tasks. *Id.*

Here, there is no indication that limiting Mr. Peralta to making "simple decisions" captures his moderate limitation in his ability to "perform at a consistent pace without an unreasonable number and length of rest periods." In addition, ALJ Farris did not limit Mr. Peralta to "simple" or "unskilled" work, but only to simple decisions. (AR 18). As such, the cases the Commissioner relies on, which conclude that "simple work" encapsulates the limitation of performing at a consistent pace, are unpersuasive. Indeed, no comparison can be made here, where no limitation to "simple work" was prescribed by ALJ Farris.

In sum, despite finding Dr. Valle's opinion persuasive, ALJ Farris' RFC assessment does not account for Dr. Valle's moderate limitation in maintaining persistent pace without requiring unreasonable rest periods. Having failed to include this limitation, ALJ Farris was required to explain this omission. The Regulations on this point are clear: include or incorporate the prescribed limitations or exclude them and explain their omission. *See* SSR 96-8p, 1996 WL 374184, at *7 ("If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted."); *Chapo*, 682 F.3d at 1291-92 (finding harmful error when the ALJ "accepted, at least to a limited extent" one restriction recognized by a physician but then "discounted the bulk of [the physician's] mental RFC limitations with no explanation at all as to why one part of his opinion was credible and the rest was not."). As such, ALJ Farris' error in excluding this limitation or explaining its

12

omission requires remand.

**V.      Conclusion**

For the foregoing reasons, the Court finds ALJ Farris erred in not including all the limitations prescribed by Dr. Valles, without explaining their omission.

**IT IS THEREFORE ORDERED** that Mr. Peralta's *Motion to Reverse and Remand for a Rehearing with Supporting Memorandum*, (Doc. 21), is **GRANTED** and this case is **REMANDED** for further administrative proceedings consistent with this opinion.

**IT IS SO ORDERED**.

_____
THE HONORABLE CARMEN E. GARZA
CHIEF UNITED STATES MAGISTRATE JUDGE